

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700    973/645-2700
Newark, NJ 07102

[ASP/ZI]/PL AGR
[2010R00138]

March 1, 2013

Richard Willstatter, Esq.
200 Mamaroneck Avenue
Suite 605
White Plains, NY 10601

*Cr. 13-542 (ES)*

    Re:  Plea Agreement with Ning Guo, a/k/a "Danny,"
           a/k/a "Peter," a/k/a "The Beijing Kid"

Dear Mr. Willstatter:

      This letter sets forth the plea agreement between your client, Ning Guo, a/k/a "Danny," a/k/a "Peter," a/k/a "The Beijing Kid," and the United States Attorney for the District of New Jersey ("this Office"). This and all outstanding plea offers expire on March 15, 2013.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Ning Guo to a 2-count information, which charges that Ning Guo conspired with others to traffic and attempt to traffic in counterfeit goods in violation of 18 U.S.C. §§ 2320 & 2, and conspired with others to launder funds they believed to be the proceeds of a specified unlawful activity, in violation of 18 U.S.C. § 1956(h). If Ning Guo enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Ning Guo for (1) from August 2008 through February 2012, conspiring with others to traffic and attempt to traffic in counterfeit goods; and (2) from September 2010

through February 2012, conspiring with others to launder funds they believed to be the proceeds of narcotics trafficking, gambling, and other unlawful activities. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Ning Guo may be commenced against him, notwithstanding the expiration of the limitations period after Ning Guo signs the agreement.

Sentencing

### Count One: Counterfeit Goods Conspiracy

The violation of 18 U.S.C. §§ 2320 & 2 to which Ning Guo agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to $2,000,000.

### Count Two: Money Laundering Conspiracy

The violation of 18 U.S.C. § 1956(h) to which Ning Guo agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greater of $500,000 or twice the value of the property involved in the transaction.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Ning Guo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Ning Guo ultimately will receive.

Further, in addition to imposing any other penalty on Ning Guo, the sentencing judge: (1) will order Ning Guo to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Ning Guo to pay restitution with respect to Count One pursuant to 18 U.S.C. § 2323; (3) may order Ning Guo to pay restitution with respect to Count Two pursuant to 18 U.S.C § 3663 et seq.; (4) may order Ning Guo, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (5) must order forfeiture, pursuant to 18 U.S.C. § 982 and 18 U.S.C. § 2323; and (6) pursuant to 18 U.S.C. § 3583, may require Ning Guo to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Ning Guo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Ning Guo may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Ning Guo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Ning Guo's activities and relevant conduct with respect to this case.

Stipulations

This Office and Ning Guo agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to

argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Ning Guo from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Ning Guo waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture and Abandonment

Ning Guo agrees that, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2323, he will forfeit to the United States whatever title and/or interest he has in the following items:

- 2008 Honda Accord, Vehicle Identification Number 1HGCP26458A09513, seized from Jian Zhi Mo on March 2, 2012
- $1,019.00 USD seized from Jian Zhi Mo on March 2, 2012
- 2007 Honda Accord, Vehicle Identification Number 1HGCM56837A146457, seized from Yuan Bo Lai on March 2, 2012
- $1,161.25 USD seized from Ning Guo on March 2, 2012
- $351 in Caesar's gaming chips seized from Ning Guo on March 2, 2012
- $1,040.00 USD seized from Hui Huang on March 2, 2012
- $10,100 in Caesar's gaming chips seized from Hui Huang on March 2, 2012

- The real property located at 184 Westwood Avenue, Staten Island, New York
- $79,418 USD seized from Da Yi Huang on March 2, 2012 (seized from 184 Westwood Ave., Staten Island, New York)
- $15,567 USD seized from Fei Ruo Huang on March 2, 2012 (seized from 57 Tillman Street, Floor 1, Staten Island, New York)
- $2,541 USD seized from Dao Feng Shi on March 2, 2012 (seized from 236 Columbus Ave., Unit B, Palisades Park, New Jersey)
- $2,061 USD seized from Jian Chun Qu on March 2, 2012 (seized from 207-08 42nd Ave, Bayside, New York)
- $1,864 USD seized from Wu Lin on March 2, 2012 (seized from 52-11 69th Place, Maspeth, New York)
- $160,413 USD seized from Xiance Zhou on March 2, 2012 (seized from 207-08 42nd Ave, Bayside, New York)
- $57,453 USD seized from TD Bank (155 Canal Street) safety deposit box # 851 on March 2, 2012
- $189,900 USD seized from HSBC Bank (11 East Broadway, New York) safety deposit box # 709503859 on March 2, 2012
- 56 items of jewelry (bracelets, rings, necklaces, earrings, and charms) seized from JP Morgan Chase (Ridgefield NJ) safety deposit box # 34 on March 6, 2012

(collectively, the "Specific Assets"). Ning Guo does not dispute that the Specific Assets are subject to forfeiture pursuant to 18 U.S.C. 2323 as (i) any article, the making or trafficking of which is prohibited under 18 U.S.C. § 2320, (ii) any property used, or intended to be used, in any manner or part to commit or facilitate the commission of an offense in violation of 18 U.S.C. § 2320, or (iii) any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of an offense in violation of 18 U.S.C. § 2320.

Ning Guo further agrees to waive all interest in the Specific Assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Ning Guo agrees to consent to the entry of an order of forfeiture for the Specific Assets and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument,

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Ning Guo understands that the forfeiture of Specific Assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Ning Guo hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Ning Guo. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any

third party from initiating or prosecuting any civil or administrative proceeding against Ning Guo.

No Other Promises

This agreement constitutes the plea agreement between Ning Guo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Nicholas P. Grippo
    Andrew S. Pak
    Zach Intrater
Assistant U.S. Attorneys

APPROVED:

_____
Erez Liebermann
Chief, Computer Hacking & Intellectual Property Section
Deputy Chief, Economic Crimes Unit

- 7 -

I have received this letter from my attorney, Richard Willstatter, Esq. It has been translated for me into Mandarin. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 3-7-13
Ning Guo


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: March 7, 2013
Richard Willstatter, Esq.

- 8 -

Plea Agreement With Ning Guo

Schedule A

1.  This Office and Ning Guo agree to stipulate to the following facts.

Count One: Counterfeit Goods

   a.  From approximately August 2008 until February 2012, Ning Guo knowingly and intentionally conspired with others to transport and store counterfeit merchandise in the New Jersey and New York areas.

   b.  Ning Guo knew that that the merchandise that he and his co-conspirators transported and stored were counterfeit goods bearing counterfeit marks.

   c.  The infringing items that Ning Guo stored and transported had been imported from China.

   d.  The infringement amount involved in this offense, based on the retail value of the infringing goods (as opposed to the retail value of the infringed goods), exceeded $2,500,000 but was less than $7,000,000.

   e.  Ning Guo was a manager or supervisor of the criminal activity described in Count One, which involved five or more participants.

Count Two: Money Laundering

   f.  From in or around September 2010 until in or around February 2012, Ning Guo and others conspired to conduct financial transactions which they believed involved the proceeds of a specified unlawful activity for purposes of concealing the nature, location, source, ownership and/or control of the proceeds of the specified unlawful activity.

   g.  The funds that Ning Guo and his co-conspirators laundered exceeded $400,000 but were less than $1,000,000.

   h.  Ning Guo was an organizer, leader, manager or supervisor of the criminal activity described in Count Two.

2.      Ning Guo knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the total Guidelines offense level of 29.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the total Guidelines offense level of 30.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.